## MELVILLE H. REED *vs.* J. BURTON REED.

## Lincoln.    Opinion November 18, 1919.

*Taxing of costs.    Filing and certifying of stenographer's evidence for preparation*
*for Law Court.*

The plaintiff's costs were taxed by the Clerk of Courts at $391.84.   On appeal by
the defendant to the court at nisi prius, the court reduced   the taxation to
$201.84.    The items of reduction were two, viz: The plaintiff's attorney fee
from $10 to $2.50, and the disallowance of  the cost of printing copies for the
Law Court, paid by the plaintiff, $182.50.    Through some error or oversight
the stenographer's transcript of evidence was filed in the office of the Clerk of
Court of Cumberland County instead of Lincoln County and the printed copies
were attested by the Clerk of Cumberland County who was also Clerk of the
Law Court, instead of by the Clerk of Lincoln County.   But the case was
argued at the Portland Law Term, 1917, and decision was subsequently rendered
in favor of the plaintiff, granting a new trial.   At the October Term, 1918, a
new trial was had and at that trial by agreement of counsel no testimony was
offered but the evidence taken at the previous trial, which was contained in the
printed copies now under consideration, was used as the evidence in the case.
The presiding Justice ordered a verdict for the plaintiff upon that printed
record to which order the defendant filed exceptions, and subsequently argued
his exceptions in the December Term, 1918, of the Law Court, using this
improperly certified record of 1917 as the basis of his argument.   On December,
20, 1918, decision was rendered overruling the defendant's exceptions.

*Held:*

1.    That the stenographer's transcript of evidence should have been filed in the
Clerk's office of Lincoln County and the printed copies should have been attested
and certified by that clerk.   No other clerk had the power of certification.

2.    That the Law Court notwithstanding the clerical errors had jurisdiction of
the cause and the parties, and the objection now raised by the defendant to the
payment of the printing bill, after he has twice argued in the Law Court upon
this very record without objection, once when plaintiff was the moving party,
and once when he himself was the moving party, comes too late.

3.    The plaintiff's bill of costs as taxed by the clerk, $391.84, reducted by $7.50
the error in the attorney's fee, leaving a balance of $384.34 will stand as the
correct taxation.

Appeal from the decision of Clerk of Courts in matter of taxing costs under R. S., Chap. 87, Sec. 158. Judgment in accordance with opinion.

Case stated in opinion.

*Carl M. P. Larrabee*, for plaintiff.

*A. S. Littlefield*, for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. On plaintiff's exceptions to taxation of costs. The situation is this, as appears by the bill of exceptions. Plaintiff's costs were taxed in the first instance by the Clerk of Courts of Lincoln County, where the action was pending, and amounted to $130.14 in the Supreme Judicial Court and $261.70 in the Law Court, an aggregate of $391.84. From that taxation the defendant appealed to the court at nisi prius. R. S., Chap. 87, Sec. 158. The court revised the taxation, allowing the taxation of $130.14 in the Supreme Judicial Court but reducing the taxation in the Law Court from $261.70 to $71.70, a reduction of $190, and leaving a total of $201.84.

The presiding Justice states in his finding as follows: "On defendant's appeal from taxation of costs in the within action by the Clerk I have allowed the within items and disallowed all other items taxed by the Clerk, and parts of items except as allowed within." A comparison of the items as allowed by the clerk and as allowed by the court shows two changes only, and they occur in the Law Court items. The clerk allows $10 as attorney fee while the court allows $2.50. The court's taxation is correct. The clerk evidently allowed $2.50 for each of the four terms the case was in the Law Court, while the schedule of fees adopted under Rule of Court provides that in the Law Court "if the plaintiff prevails, he may tax one attorney's fee in addition to that embraced in his writ." This reduction of $7.50 therefore should be allowed.

The other change is the change of the item of "Printing and copies 224.50" in the clerk's taxation to "Stenographer's bill $42." in the court's taxation, a reduction of $182.50. The item as stated by the clerk included stenographer's bill for transcribing evidence, and the printing bill in preparing copies for the Law Court. The court allows the former, $42, and disallows the other part of the item, the printing, amounting to $182.50.

The ground on which the printing bill was disallowed is thus stated in the exceptions: "The stenographer's transcript has never been filed in the Lincoln County Court, nor was the case ever certified by the Clerk of that Court and no copy of the Law Court case was ever there."

The defendant relies upon this provision in the Schedule of Fees established by the court, viz: "Transcripts of cases made by the official stenographer and printed copies, certified by the clerk to the Law Court, may be taxed in the bill of costs at the rate actually paid to the stenographers for transcripts not exceeding the rate established by statute and at the rate actually paid to the printers for the printing, not exceeding however ninety cents per page for pages averaging two hundred and fifty words each (exclusive of initials "Q" and "A", for "Question" and "Answer") together with compensation to the clerks for preparing manuscripts for the printer when necessary, and for correcting proof and certifying at the rate of ten cents per printed page, for pages averaging two hundred and fifty words each. If a party prints his own case, there may be taxed, also, compensation paid to the clerk for copies for the printer of writs, pleadings, and exhibits which are in his official custody, but not of the transcript of testimony." *Amendment to Schedule of Fees*, 110 Maine, 544.

The facts are meagrely stated in the bill of exceptions, but it contains enough to disclose that the court declined to allow the printing bill because the stenographer's transcript was not filed in the office of the Clerk of Court of Lincoln County and the proof was not read and the printed case not certified by that clerk to the Law Court.

There can be no doubt that the proper course to be followed in preparing printed copies for the Law Court is that prescribed in the Schedule of Fees. The stenographer's transcript of the evidence should be filed in the clerk's office of the county where the cause is tried, and whether the case is printed under the immediate supervision of the clerk or by the party himself, the printed copies should be certified by the clerk to the Law Court. That is the practice. No other clerk can properly certify the record. But it is common knowledge that not infrequently, through oversight or otherwise, the printed copies lack the proper certification, and when the Law Court discovers that fact or it is called to their attention, the case is not dismissed from the docket, nor even are the arguments suspended, but the omission is subsequently supplied.

Had the learned counsel for the defendant called attention to the lack of proper certification at the time this case was argued in the Law Court in July, 1918, the clerical defect could and would have been remedied. He did not however, nor did the court discover it. It was however merely a clerical defect. The court still had jurisdiction of the cause and of the parties. Counsel on both sides argued the cause fully and the court entertained and decided the case. *Reed* v. *Reed*, 117 Maine, 579. After an adverse decision we think it is too late under the circumstances as stated, for the defendant to ask to be relieved of the payment of a bill actually paid by the plaintiff in printing the testimony which formed the very basis of the defendant's argument in the Law Court.

But this is not all. This court cannot shut its eyes to its own decisions and records in a matter of this kind. From the decision in this case, 117 Maine, 579, detailing the history of this litigation, it appears that at the third trial of this protracted case a verdict was rendered in favor of the defendant, and the case was brought to this court on plaintiff's motion for new trial. The record was printed and the cause argued at the Portland term of the Law Court, 1917. Decision was rendered sustaining the motion and granting a new trial. *Reed* v. *Reed*, 117 Maine, 281. The case then came on for the fourth trial, at the October Term, 1918, Lincoln County. "At that trial, by agreement of counsel, the evidence taken at the third trial was used as the evidence in the fourth." That is, the printed record which had been prepared and paid for by the plaintiff after the third trial, was adopted and used as the record of the fourth trial without change. This saved the defendant the expense of printing anew and furnished the basis of the defendant's argument in presenting the case to the Law Court. Without it the defendant could not have argued in the Law Court, the presiding Justice having ordered a verdict for plaintiff. It is the printing bill for that record to which the defendant now objects. That record was not certified by the Clerk of Court of Lincoln County, but through some mistake or oversight was certified by the Clerk of Court of Cumberland County who was also the Clerk of the Law Court. The error was not called to the attention of the court in 1917. If it had been it could and would have been corrected. But both parties accepted it and argued from it, and on it the decision was rendered. Then after the fourth trial this same wrongly certified record was used by the defendant as the basis

of his argument to the Law Court, and again the mistake in certification was not discovered, and again the decision of this court was rendered and final judgment ordered.

To raise the point for the first time on the taxation of costs after the record had passed through the Law Court twice, once as the foundation of plaintiff's argument as the moving party, and once as the basis of the defendant's argument as the moving party, does not appeal to us with sufficient force to warrant the disallowance of the expense of printing which was actually paid by the plaintiff.

The plaintiff's bill of costs as taxed by the clerk, $391.84, reduced by $7.50 the error in the attorney's fee, leaving a balance of $384.34, will stand as the correct taxation.

> *Exceptions sustained.*
> *Bill of costs to be corrected*
> *in accordance with opinion.*